IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUDMYLA SKORYCHENKO,
                                          OPINION and ORDER

                Plaintiff,

                                          09-cv-545-bbc

      v.

DIANE SENNHOLZ,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary relief brought pursuant to 42 U.S.C. § 1983, plaintiff Ludmyla Skorychenko contends that defendant Diane Sennholz, the clerk of court for the Circuit Court for Marathon County, Wisconsin, violated her constitutional right of access to the courts. In her original complaint, plaintiff asserted several claims against several defendants. Plaintiff's § 1983 claim against defendant was contained in a single paragraph in which she alleged that

> On August, 2008, Clerk of Circuit Court, Diane Sennholz threw me out from building of the Court with help policemen, Chad Billeb and James Brown, because I wanted to give copy of appeal to the Circuit Court. Diane refused to send me copies of Judge's Orders or sent them on two week later. I lost time to object to Judge's Orders.

Plaintiff filed this case in the Eastern District of Wisconsin, where it was screened

1

under 28 U.S.C. § 1915.  Judge Lynn Adelman dismissed all defendants except Sennholz, observing that plaintiff's allegations against this defendant were imprecise, but allowing plaintiff to proceed on a claim of denial of access to the courts.  The court noted that further factual development would identify the "judge's orders" to which plaintiff alleges she was unable to object because of defendant's conduct.  On September 2, 2009, the court granted defendant Sennholz's motion to transfer the case to this court, where it is ready for decision on the  parties' cross-motions for summary judgment.

Plaintiff contends in her motion for summary judgment that judgment should be granted not only on her access to courts claim, but also on her claims of civil conspiracy and violations of § 1985(3), § 1985(2) and the Fourteenth Amendment.  This contention will not be considered because plaintiff was not granted leave to proceed on these claims and her motion for leave to amend her complaint to add such claims was denied.  Dkt. #17.

After considering the parties' motions, I conclude that plaintiff has not proposed sufficient facts to support her access to the courts claim.  Therefore, I will deny her motion for summary judgment and grant defendant's motion.  Fed. R. Civ. P. 56 (summary judgment appropriate if the evidence shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.")

Also before the court are plaintiff's motion to "return defendant guilty of perjury," dkt. #31, and motion for sanctions, dkt. #32, in which plaintiff contends that defendant

2

and defendant's attorney made false statements in their affidavits.  Plaintiff "insists" that the court make a finding that defendant is guilty of perjury and enter sanctions in the form of granting plaintiff's motion for summary judgment.  Plaintiff has not identified any misconduct by defendant that would merit sanctions.  Instead, she has identified a dispute between the parties about the underlying facts of the case, which is a common occurrence in lawsuits.  The court's task on summary judgment is to decide whether the plaintiff has shown the existence of a genuine dispute between the parties, not to decide whether one party is lying and impose sanctions accordingly.  Townsend v. Fuchs, 522 F.3d 765, 774-75 (7th Cir. 2008).  Plaintiff's procedural motions are without merit and will be denied without further discussion.

In determining the facts relevant facts to the summary judgment motions, I have considered court records that are available online at the Wisconsin Court Access Program. Menominee Indian Tribe of Wisconsin v. Thompson, 161 F.3d 449, 455 (7th Cir. 1998) (court may take judicial notice of documents in public record).  Thus, from the parties' proposed findings of fact, the record and state court records, I find the following facts to be material and undisputed.


UNDISPUTED FACTS

Beginning in 2005, plaintiff was a party to divorce proceedings in the Circuit Court

3

for Marathon County, <u>In Re the Marriage of Ernest Francis Tompkins and Ludmyla Skorychenko</u>, case number 05FA253.  In May 2006, plaintiff sought to "correct" the record in this case so that she could file an appeal.  (The parties dispute whether defendant was involved in plaintiff's efforts to correct the record.  Plaintiff alleges that she asked defendant to help her correct the record and defendant ignored her requests.  Defendant denies having any discussion with plaintiff about supplementing or correcting the record.)  Plaintiff attempted to file a motion to correct the record with the court of appeals, but the court rejected the motion as improper.  The court of appeals extended the time for plaintiff's record to be transmitted, and the record was transmitted on August 3, 2006.

On June 1, 2006, a show cause hearing was scheduled in plaintiff's divorce case, number 05FA253.  (The parties dispute whether plaintiff received notice of the hearing. Plaintiff alleges that she did not know about the hearing.  Defendant alleges that the court provided plaintiff a signed order that stated the date and time of the hearing, although defendant did not participate personally in providing copies of the order to plaintiff.)  At the show cause hearing, the judge dismissed the matter and ordered plaintiff to pay the opposing party's costs.  Plaintiff appealed the judge's decision regarding maintenance, division of property and award of costs, but the court of appeals denied her appeal. <u>Tompkins v. Tompkins</u>, 2007 WL 2090164, *1-2 (Wis. App. July 24, 2007) (unpublished).

Beginning in 2006, plaintiff was party to another civil case in the Circuit Court for

4

Marathon County, <u>Tompkins v. Women's Community</u>, case number 06CV37.  On July 3, 2008, the court entered an order denying plaintiff's motion for default judgment in this case. (The parties dispute whether plaintiff received a copy of this order in a timely fashion. Plaintiff alleges that defendant did not send her a copy of the order and refused to give her a copy when she went to the court.  Plaintiff alleges that she returned to the court with a witness on July 25, 2008 and received a copy of the order.  Defendant alleges that she never delayed sending orders to plaintiff and never refused to provide copies of orders to plaintiff.) By the time plaintiff received a copy of the order, the deadline had passed for plaintiff to file an interlocutory appeal.  Plaintiff requested an extension of time to file an appeal from the court of appeals.  The court granted an extension, considered plaintiff's appeal and denied it.

On August 28, 2008, plaintiff went to the Circuit Court for Marathon County to file a motion for leave file an appeal.  Defendant told plaintiff that she needed to file this motion with the court of appeals.  Plaintiff agreed.  (The parties dispute what happened next while plaintiff was at the court.  According to plaintiff, she attempted to file a motion to stay the circuit court proceedings in case number 06CV37, but defendant refused to allow plaintiff to file and asked her to leave.  When plaintiff refused, defendant called security guards to escort her out of the court.  Plaintiff returned later that afternoon with a witness and filed the motion to stay the circuit court proceedings.  According to defendant, she did not have

5

any discussions with plaintiff regarding plaintiff's desire to file a motion to stay.  Defendant admits that she asked plaintiff to leave the service counter because she was taking up too much room.  When plaintiff refused to leave, defendant asked security personnel to escort her out of the clerk's office.  The parties agree that plaintiff filed the motion to stay at some point on August 28.)

On January 2, 2009, the state court entered final judgment in plaintiff's case number 06CV37.  Plaintiff received a copy of the judgment in the mail on January 16, 2009.  On January 22, 2009, a defendant to that action filed a notice of entry of final order.  On January 26, 2009, plaintiff filed a motion to extend the deadline for filing a motion to set aside the final order and a motion to set aside the final order.  The court has not ruled on plaintiff's motions.

OPINION

In Christopher v. Harbury, 536 U.S. 403, 413 (2002), the United States Supreme Court described two types of denial of access to courts claims.  The first category includes claims that systemic official action "den[ies] an opportunity to litigate for a class of potential plaintiffs."  This category would include claims by prisoners that they have no access to a law library or claims by indigent plaintiffs who cannot afford a filing fee.  Id.

The second category of denial of access to courts claims are "backwards-looking"

6

claims, in which the defendant's acts allegedly "caused the loss or inadequate settlement of a meritorious case," "the loss of an opportunity to sue" or "the loss of an opportunity to seek some particular order of relief." Id. at 414. Because plaintiff alleges that she lost the ability to object to certain orders, plaintiff appears to be asserting a backwards-looking claim.

To state a backwards-looking access to courts claim, plaintiff must identify (1) the underlying claim that was lost; (2) describe the "official acts frustrating the litigation"; and (3) identify a "remedy that may be awarded as recompense but [is] not otherwise available in some suit that may yet be brought." Steidl v. Fermon, 494 F.3d 623, 633 (7th Cir. 2007). Plaintiff does not identify the specific action that underlies her access to courts claim. I will assume that her claim is predicated on either her divorce case, case number 05FA253, or her civil case, number 06CV37, or both cases. In her proposed findings of fact and related affidavits, plaintiff describes five possible instances that may be the "official acts" of defendant that frustrated her litigation:

(1) Defendant's alleged decision in May 2006 to ignore plaintiff's requests to "correct" the record in case number 05FA253.

(2) Defendant's alleged failure to notify plaintiff of the June 1, 2006 show cause hearing in case number 05FA253.

(3) Defendant's alleged refusal to provide plaintiff a copy of the July 3, 2008 order denying plaintiff's motion for default in case number 06CV37.

(4) Defendant's alleged refusal to let plaintiff file a motion to stay proceedings in case number 06CV37 on August 28, 2008.

7

(5) Defendant's alleged failure to provide plaintiff with a copy of the final judgment in case 06CV37 in a timely manner.

Of course, defendant disputes some of the factual allegations regarding her role in the five situations described above.  However, even if defendant admitted all of the relevant facts, plaintiff could not prevail on her access to courts claim.  To survive defendant's motion for summary judgment, plaintiff must "show through specific evidence that a triable issue of fact remains on issues for which [plaintiff] bears the burden of proof at trial."  Walker v. Shansky, 28 F.3d 666, 670-71 (7th Cir. 1994); see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

In an access to courts claim, it is essential that the plaintiff describe how an underlying cause of action was prejudiced by the defendant's official actions.  E.g., Lewis v. Casey, 518 U.S. 343, 351, 353 n.4 (1996) (even total denial of access to legal materials insufficient to avoid summary judgment absent showing of some detriment resulting from denial); Pratt v. Tarr, 464 F.3d 730, 732 (7th Cir. 2006) (plaintiff must show that "as a result of the [defendant's] action the plaintiff had lost a case or suffered some other legal setback"); Johnson v. Barczak, 338 F.3d 771, 772-73 (7th Cir. 2003) (same); Martin v. Davies, 917 F.2d 336, 340 (7th Cir. 1990) (actual injury such as missed court dates or inability to make a timely filing must be shown to avoid summary judgment).

Plaintiff has not shown that defendant's actions resulted in a lost remedy in either of

8

her cases in the Circuit Court for Marathon County.  Rather, the facts show that these cases were fully litigated, plaintiff lost on the merits and she filed at least four appeals related to the cases that the court of appeals considered and denied.  Also, although plaintiff contends that defendant's actions caused her to miss the deadline within which to appeal the final judgment in case number 06CV37, the undisputed facts do not support her contention.  She has offered no evidence suggesting that defendant is personally responsible for mailing notice of final orders to plaintiff.  It is undisputed that plaintiff received a copy of the order on January 16, 2009 and the defendants in that case filed a notice of entry of the order on January 22, 2009.  Under Wis. Stat. § 808.04, plaintiff should have had 45 days from January 22 within which to appeal the final order.  Plaintiff has proposed no facts that would explain why she was unable to appeal.

In sum, plaintiff has not pointed to an instance in which, because of defendant's actions, specific litigation ended poorly, could not be begun, could not be appealed or could not produce the remedy she was seeking.  Thus, even if plaintiff's allegations are taken as true, they do not show a constitutional violation of her right of access to the courts.

ORDER

IT IS ORDERED that

1.  Defendant Diane Sennholz's motion for summary judgment, dkt. #9, is

9

GRANTED.

2. Plaintiff Ludmyla Skorychenko's motion for summary judgment, dkt. #25, motion to return defendant guilty of perjury, dkt. #31 and motion for sanctions, dkt. #32 are DENIED.

3. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 11th day of January, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

10