IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUDMYLA SKORYCHENKO,

                                                                                                ORDER

                     Plaintiff,

                                                                                                09-cv-545-bbc

     v.

DIANE SENNHOLZ,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On January 1, 2010, the clerk of court awarded $76.20 in costs against plaintiff Ludmyla Skorychenko in this matter. Now before the court is plaintiff's motion for review of costs, dkt. #55, in which she contends that the clerk of court should not have awarded costs against her for two reasons. First, plaintiff argues that she is unemployed and not able to pay the costs. Second, plaintiff argues that defendant Diane Sennholz's motion for costs should have been denied as punishment for defendant's perjury. I will deny plaintiff's motion because she has not overcome the presumption that costs should be awarded to defendant as the prevailing party.

      Plaintiff is correct that a court may consider a plaintiff's indigency in denying costs under Fed. R. Civ. P. 54(d). Rivera v. City of Chicago, 469 F.3d 631, 634 (7th Cir. 2006).

1

However, the "indigency exception" is narrow, and plaintiff has a heavy burden in overcoming the presumption that costs should be awarded to the prevailing party. Id. at 635. When considering whether to apply the indigency exception, a court must first make a threshold factual finding that the losing party is "incapable of paying the court-imposed costs at this time or in the future." Id. at 635 (quoting McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994). The burden is on the losing party to provide the district court sufficient documentation to support such a finding. Rivera, 469 F.3d at 635 (citing Chapman v. AI Transport, 229 F.3d 1012, 1039 (7th Cir. 2000). This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses. Rivera, 469 F.3d at 635. Second, the district court should consider the amount of costs, the good faith of the losing party and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs. Id. No factor is determinative, but the district court should provide an explanation for its decision to award or deny costs. Id.; see also Chapman, 229 F.3d at 1039 (holding that district court must have sound basis for denying costs); Cantrell v. International Board of Electrical Workers, 69 F.3d 456, 459 (10th Cir. 1995) (holding that when district court exercises its discretion and denies costs to prevailing party, it must provide valid reason for denial).

      Plaintiff alleges that she has not been employed since October 16, 2009, when her

position in a Title V job program ended. Plaintiff alleges that she does not believe she will find a position in the program in the future. Thus, plaintiff argues, she cannot pay the costs now and will not be able to pay them in the future. However, although plaintiff is presently indigent, she has not shown that she will be unable to pay the costs in the future. Plaintiff has been employed in the past and has indicated a desire to continue to work. According to the email from the director of the job program submitted by plaintiff in connection with this motion, plaintiff is still enrolled in the program and may be placed in a job if an appropriate work site is found. Dkt. 53-2. Thus, it is possible that plaintiff will be gainfully employed in the future. If plaintiff does find employment she should be able to pay the relatively low amount of costs awarded in this case.

In addition, other relevant factors weigh against the application of the indigency exception in this case. The legal issues in this case were not difficult and the case was not close. Rivera, 469 F.3d at 635. In granting defendant's motion for summary judgment, dkt. #44, I concluded that plaintiff had provided almost no facts to support her access to court claim against defendant. Also, the undisputed facts of this case show that plaintiff is a frequent litigant in state and federal court. In McGill, 18 F.3d 456, the Court of Appeals for the Seventh Circuit quoted Flint v. Haynes, 651 F.2d 970 (4th Cir. 1981), to "elaborate[] on the reasoning behind the rule that indigents are not immune from the imposition of costs." McGill, 18 F.3d 456, 459-60. The court observed that

3

> [W]hen costs are assessed only in extreme or exceptional cases, those persons granted leave to proceed in forma pauperis have virtually 'nothing to lose and everything to gain' [citation omitted] and the purpose of § 1915–equal access for the poor and the rich–is distorted. Non-indigents who contemplate litigation are routinely forced to decide whether their claim is 'worth it.' [citation omitted]. We see no reason to treat indigents differently in this respect. . . . We find that the district court's decision to tax costs pursuant to § 1915(e) is a reasonable alternative which serves to assure that litigants will be required to assess the relative merits and risks of litigation before they proceed.

McGill, 18 F.3d at 460 (quoting Flint, 651 F.2d at 973, 974). As the court explained in McGill, "[j]ust as non-indigent litigants must consider the relative merits of their lawsuit against the pain an unsuccessful suit might inflict on their pocketbook, so must [indigent litigants] learn to exercise discretion and judgment in their litigious activity and accept the consequences of their costly lawsuits." Id. at 460. In sum, I am not persuaded that the indigency exception should be applied in this case.

Plaintiff's second argument, that defendant should not be awarded costs because defendant committed perjury, has no merit. I rejected this argument when I denied plaintiff's motion to "return defendant guilty of perjury" and motion for sanctions. I stated clearly that plaintiff "has not identified any misconduct by defendant that would merit sanctions." Dkt. #44, at 2-3. The clerk of court considered, and rejected, this argument in his decision to award costs to defendant. Dkt. #54.

ORDER

IT IS ORDERED that plaintiff Ludmyla Skorychenko's motion for review of taxation and costs, dkt. #55, is DENIED and the clerk's taxation is AFFIRMED.

Entered this 9th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5